[No. AO18067. First Dist., Div. Five. Dec. 21, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
HARRY ARTHUR SHARP, Defendant and Appellant.

**COUNSEL**

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HANING, J.**—Defendant Harry Arthur Sharp appeals from convictions for robbery (Pen. Code, § 211) of a bank, a finance company and a wine shop on the grounds he was denied his constitutional right to counsel at a corporeal lineup which took place after he was arrested, charged and had obtained counsel for the bank robbery, but before any formal charges had been filed in the other crimes. We conclude that, under the circumstances presented, evidence of the uncharged offenses obtained at a lineup conducted without notice to and in the absence of his attorney, was obtained in violation of defendant's right to counsel.

At the time of the robbery of the Pittsburg branch of Crocker Bank on June 24, 1981, defendant was suspected in several other robberies in the Pittsburg-Antioch area. Defendant was arrested for the bank robbery on July 3 and arraigned on July 6, at which time he requested the services of an attorney and was referred to the public defender. Following defendant's arrest, Pittsburg Police Detective White discussed the possibility of a corporeal lineup with another detective of the Antioch Police Department. The subject also arose in his discussion with a deputy district attorney while they

were reviewing the bank robbery complaint, but the deputy district attorney did not advise him to have defendant's attorney present. Detective White was uncomfortable about conducting the lineup in the absence of or without notice to defendant's attorney, but he went ahead with it because the deputy district attorney told him to proceed and complete it as soon as possible. Detective White believed a lineup would be much easier to conduct if defendant was in custody, as he then was; he didn't know how he could obtain defendant's participation in the lineup if he were not in custody, and the county jail was the only facility in the county capable of accommodating a corporeal lineup.

The lineup was held July 9, 1981, before 17 witnesses, 2 of whom were witnesses to the bank robbery; the rest witnessed other robberies of which defendant was suspected. Defendant's attorney, who was not notified, was not present to represent him, although defendant complained to the authorities that he wanted his attorney present. The custody sergeant at the jail where the lineup was conducted advised the detectives conducting the lineup that defendant's attorney should be notified, but left the notification up to them. On the basis of testimony from witnesses at the lineup, the district attorney filed an amended complaint charging defendant with four additional robberies. At the preliminary hearing, and again in the superior court after being held to answer, defendant moved to suppress the lineup identifications. The motion was unopposed and granted as to the bank robbery, but opposed and denied as to the other counts.

Defendant contends the lineup was constitutionally defective under the *Wade/Gilbert* rule and in violation of his right to counsel and, therefore, the trial court committed reversible error in allowing the jury to consider identification testimony stemming therefrom. In *United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], the court held that a postindictment lineup is a critical stage of the criminal prosecution and that such a lineup without the presence of defense counsel denies the accused his Sixth Amendment right to counsel. It further held that in-court identification of a defendant by witnesses attending such a lineup must be shown to have an independent source. The companion case, *Gilbert* v. *California* (1967) 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951], held that testimony at trial to the effect that witnesses identified the accused at a postindictment lineup held in violation of his right to counsel was inadmissible. (*Id.,* at pp. 272-274 [18 L.Ed.2d at pp. 1186-1187].) Both Wade and Gilbert had attorneys at the time the lineups were conducted. Subsequently, in *Kirby* v. *Illinois* (1972) 406 U.S. 682 [32 L.Ed.2d 411, 92 S.Ct. 1877], involving uncharged defendants who had not previously obtained attorneys, the court held that the right to counsel attaches only at or after the time adversary judicial proceedings have been initiated "whether by way of formal charge,

preliminary hearing, indictment, information, or arraignment." (*Id.,* at pp. 688-689 [32 L.Ed.2d at pp. 416-417].)

█ In the instant case, no adversarial proceedings had been initiated against defendant at the time of the lineup for any crimes other than the bank robbery. On that basis the People contend that no right to counsel had yet attached, the lineup was therefore not constitutionally invalid as to the nonbank robberies, and testimony obtained from the lineup relative to those other robberies was admissible at trial. As both defendant and the People have noted, *People* v. *Bustamante* (1981) 30 Cal.3d 88 [177 Cal.Rptr. 576, 634 P.2d 927], holding that under article I, section 15 of the California Constitution the right to counsel encompasses preindictment lineups, is inapplicable to this case because it was decided after the July 9 lineup and is specifically prospective. (*Id.,* at p. 102.)

The error in the instant case occurred as a result of the contact initiated with the defendant without the express consent of his attorney. █ An accused person who is represented by counsel cannot be interrogated without the express consent of his or her attorney. (*Brewer* v. *Williams* (1977) 430 U.S. 387 [51 L.Ed.2d 424, 97 S.Ct. 1232]; *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]; *People* v. *Ireland* (1969) 70 Cal.2d 522 [75 Cal.Rptr. 188, 450 P.2d 580, 40 A.L.R.3d 1323]; *People* v. *Boyd* (1978) 86 Cal.App.3d 54 [150 Cal.Rptr. 34].) █ While a lineup is not an interrogation, it is nonetheless a critical stage of the prosecution (*United States* v. *Wade, supra,* 388 U.S. 228 [18 L.Ed.2d 1158]), requiring the presence of counsel in all instances post-*Bustamante,* and in all lineups occurring after the initiation of adversary judicial proceedings pre-*Bustamante.* (*Kirby* v. *Illinois, supra,* 406 U.S. 682; *People* v. *Bustamante, supra,* 30 Cal.3d 88.)

In *People* v. *Boyd, supra,* 86 Cal.App.3d 54, the court held that the prosecution could not interrogate an accused represented by an attorney on an uncharged but related offense. "The other cases on the subject, all permitting voluntary interrogation on one charge out of the presence of counsel appointed on a different charge, rest on either the lack of proximity of the offenses, the discrepancy in the seriousness of the offenses with consequent unlikelihood of the same attorney representing defendant on both, or on a combination of such factors plus the fact full *Miranda* warnings were given and the waiver was wholly voluntary. The principal cases are *People* v. *Booker* (1977) 69 Cal.App.3d 654 [138 Cal.Rptr. 347]; *People* v. *McCowan* (1978) 85 Cal.App.3d 675 [149 Cal.Rptr. 611]; *People* v. *Chen* (1974) 37 Cal.App.3d 1046 [112 Cal.Rptr. 172], overruled on another point in *People* v. *Jimenez* (1978) 21 Cal.3d 595, 608 [147 Cal.Rptr. 172, 580 P.2d 672];

*People* v. *Duren* (1973) 9 Cal.3d 218 [107 Cal.Rptr. 157, 507 P.2d 1365]."
(*In re Michael B.* (1981) 125 Cal.App.3d 790, 795 [178 Cal.Rptr. 291].)

In the instant case, albeit not involving interrogation, the offenses were related; all counts charged robbery in violation of Penal Code section 211, they occurred in the same general area in the same county, were prosecuted by the same district attorney, charged in the same information and defended by the same public defender's office. We emphasize again that the prosecution knew defendant was represented, the sergeant at the jail advised the detectives conducting the lineup that defendant's counsel should be notified and the defendant himself demanded that his attorney be present. Since it is the right to counsel which is in issue, and since that right is not limited to interrogation situations, logic dictates that the *Boyd* rule is equally applicable to lineups.

■ Rule 7-103 of the Rules of Professional Conduct provides, in pertinent part: "A member of the State Bar shall not communicate directly or indirectly with a party whom he knows to be represented by counsel upon a subject of controversy, without the express consent of such counsel. . . ." "The rule was designed to permit an attorney to function adequately in his proper role and to prevent the opposing attorney from impeding his performance in such role." (*Mitton* v. *State Bar* (1969) 71 Cal.2d 525, 534 [78 Cal.Rptr. 649, 455 P.2d 753].) In *Abeles* v. *State Bar* (1973) 9 Cal.3d 603 [108 Cal.Rptr. 359, 510 P.2d 719], our Supreme Court held that a party represented by counsel "includes a party who has counsel of record whether or not that counsel was in fact authorized to act for the party." (*Id.*, at p. 609.) In a formal ethics opinion, No. 1979-49, the Standing Committee on Professional Responsibility and Conduct of the State Bar construed rule 7-103 in a situation analagous to the one at hand. They concluded that a district attorney may not communicate with a criminal defendant he knows to be represented by counsel, even if that communication is limited to an inquiry into conduct for which the defendant has not been charged. Ethics opinions are advisory only and obviously not binding on the courts, but this one exemplifies a practical application of the rule. Because the prosecutor's position is unique—he represents authority and the discretion to make decisions affecting the defendant's pending case—his contact carries an implication of leniency for cooperative defendants or harsher treatment for the uncooperative. Such contact intrudes upon the function of defense counsel and impedes his or her ability to negotiate a settlement and properly represent the client, whose interests the rule is designed to protect. ■
Hence, when the prosecutor in the instant case directed his agents to conduct the lineup without insuring that defense counsel was properly notified, he obtained evidence by means violative of his professional ethical responsibilities, by interfering with the defendant's right to the effective assistance

of counsel, and within the prohibition of *Boyd*.[1] (Cf. *People* v. *Isby* (1968) 267 Cal.App.2d 484 [73 Cal.Rptr. 294] and *People* v. *Duck Wong* (1976) 18 Cal.3d 178 [133 Cal.Rptr. 511, 555 P.2d 297].)

■ A conviction based upon evidence obtained in deprivation of the right to counsel cannot be sustained unless the error is harmless beyond a reasonable doubt. (*Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065], rehg. den., 386 U.S. 987 [18 L.Ed.2d 241, 87 S.Ct. 1283].) As to the bank robbery (count I), the witnesses to that offense who attended the lineup were not asked about it at trial and did not make identifications of defendant. Thus, no error appears.
■ With regard to the nonbank robberies (counts IV and V), a hearing was held outside the jury's presence to determine whether the lineup procedure was unduly suggestive. However, the witnesses were never asked whether their in-court identifications of the defendant were based upon their observations at the lineup or upon independent sources, and the court made no finding thereon. They testified in front of the jury about their observations at the lineup, and identified defendant as being the perpetrator of the other crimes. Under these circumstances, the error was not harmless beyond a reasonable doubt.

The judgment in count I is affirmed. The judgments in counts IV and V are reversed and remanded.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied January 12, 1984.

---

[1]The prosecutor may have relied on *People* v. *Duck Wong, supra,* 18 Cal.3d 178 with regard to the uncharged offenses, but not as to the charged robbery. However, *People* v. *Boyd, supra,* 86 Cal.App.3d 54 distinguishes *Duck Wong* and should have alerted the People to the problem. The instant case is further distinguishable from *Duck Wong* in that the defendant in *Duck Wong* agreed to speak with the police without the presence of his attorney. The defendant in the case at hand insisted that his attorney be present. A simple notification of counsel would have prevented this reversal.