Filed 4/29/15  P. v. Wood CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JEREMIAH VALENTINE WOOD,<br><br>        Defendant and Appellant. | B256796<br><br>(Los Angeles County<br>Super. Ct. No. NA096956) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Affirmed.

        Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Jeremiah Valentine Wood appeals from the judgment entered after he pled no contest to one count of sale of methamphetamine. (Health & Saf. Code, § 11379, subd. (a).) Defendant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On October 24, 2013, defendant was charged by information with one count of sale of a controlled substance (methamphetamine) in violation of Health and Safety Code, section 11379, subdivision (a). The information further alleged: (1) four prior felony convictions making defendant ineligible for probation (Pen. Code, § 1203, subd. (e)(4));[1] (2) two prior convictions for serious or violent felonies, requiring defendant to serve his sentence in state prison and subjecting him to sentencing under the Three Strikes Law (§§ 1170, subd. (h)(3), 667, subds. (b)-(j), 1170.12); and (3) four prior prison terms served for felony convictions, where he failed to remain free of prison custody and committed another felony offense during the five years subsequent to the conclusion of each term (§ 667.5, subd. (b)).

On January 14, 2014, defendant signed an advisement and waiver of his right to counsel in accordance with *Faretta v. California* (1975) 422 U.S. 806. The trial court subsequently granted defendant's request to proceed in pro per. Defendant requested three weeks, to February 4, 2014, to prepare for trial. The court granted that request.

On February 6, 2014, the day of the scheduled jury trial, defendant pled no contest to the charge against him and admitted his prior strike offenses in exchange for a six-year state prison term. The court accepted the plea and sentenced defendant to a six-year prison term, consisting of the midterm of three years, doubled to six years pursuant to section 1170.12. The court struck the prior offenses alleged under section 667.5, subdivision (b), for the purposes of sentencing only. The court awarded defendant 392

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

days of presence credit and ordered him to pay various fines and assessments, including a restitution fine of $1,800 pursuant to section 1202.4.[2]

Defendant timely appeals.

## DISCUSSION

Defendant's appellate counsel filed a brief that raised no issues and asked this court to independently review the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436. On November 7, 2014, we sent defendant a letter informing him of the nature of the brief that had been filed and advising him that he had 30 days to file a supplemental brief setting forth issues he wished this court to consider. On December 4, 2014, we received defendant's supplemental brief, raising the issues addressed below.

### A. *Defendant's Contentions*

First, defendant contends he only entered a plea because he was not granted an extension and therefore was not prepared for trial. Defendant's attack on his plea triggers the mandatory requirements under section 1237.5, which he acknowledges he has not met. Specifically, in order to appeal from a judgment of conviction upon a plea of no contest, defendant must file an affidavit with the trial court "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and thereby obtain a certificate of probable cause for appeal. (§ 1237.5.) Defendant admits he did not even attempt to obtain a certificate of probable cause, but asks that we consider his appeal on the merits because he was "without the benefit of counsel at the time in which the certificate of probable cause should have been obtained" (citing *People v. Chen* (1974) 37 Cal.App.3d 1046; overruled on other grounds by *People v. Jimenez* (1978) 21 Cal.3d 595, 608.). We decline to do so. Other than his decision to represent himself, defendant suggests no basis to find an exception to the requirements of section 1237.5, and our review of the record reveals none. We also note that defendant's contentions regarding an inability to prepare for trial are belied by the record, and defendant raises no other issues that might have provided grounds for a certificate of

---

[2] Defendant previously indicated to the court that he could not pay restitution, but offered no details to support that statement.

3

probable cause. (See *People v. Chen, supra*, 37 Cal.App.3d at p. 1048 [dismissing appeal but discussing merits where issue "is of sufficient significance that a certificate of probable cause should have been granted if properly applied for"]; but see *People v. Ballard* (1985) 174 Cal.App.3d 982 [collecting cases that include "gratuitous discussions of the merits of the appellants' contentions" despite applicability of section 1237.5, and declining to follow suit].)

Second, defendant claims the probation report contains an error regarding an alleged prior narcotics conviction under Health and Safety Code section 11352. As an initial matter, defendant cannot raise this claim for the first time on appeal. "It is settled that failure to object and make an offer of proof at the sentencing hearing concerning alleged errors or omissions in the probation report waives the claim on appeal. [Citations.]" (*People v. Welch* (1993) 5 Cal.4th 228, 234.) Further, defendant offers no explanation how any such error affected his sentence in any way and we see none. The two prior strike offenses on which his sentence was based were for burglary in violation of section 459R not his prior narcotics conviction.

Third, defendant appears to argue that the trial court should have considered mitigating factors in determining whether to strike his prior strike convictions and whether to sentence him to a rehabilitation program instead of prison. Defendant agreed to a six-year prison sentence when he entered into his plea and the terms of the sentence imposed by the trial court reflect the terms of the plea agreement. "'While no bargain or agreement can divest the court of the sentencing discretion it inherently possesses [citation], a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] . . . Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." [Citation.]' [Citation.]" (*People v. Tang* (1997) 54 Cal.App.4th 669, 680.) We find no error in the trial court's imposition of defendant's sentence pursuant to the terms of his plea.

4

Finally, defendant contends that the restitution fine imposed was "excessive" and suggests that the trial court ignored his statement that he could not afford that amount. Section 1202.4, subdivision (d), includes a defendant's ability to pay as one of many factors the court should consider in determining the amount of the restitution fine, but the statute places the burden of demonstrating an inability to pay on the defendant. Here, defendant "'points to no evidence in the record supporting his inability to pay, beyond the bare fact of his impending incarceration. Nor does he identify anything in the record indicating the trial court breached its duty to consider his ability to pay; as the trial court was not obligated to make express findings concerning his ability to pay, the absence of any findings does not demonstrate it failed to consider this factor. Thus, we cannot say on this record that the trial court abused its discretion.' [Citation.]" (*People v. Nelson* (2011) 51 Cal.4th 198, 227.)

*B. Wende Review*

In addition to considering the issues above, we have independently reviewed the entire record. We are satisfied that no arguable issues exist and defendant has received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-279; *People v. Kelly* (2006) 40 Cal. 4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


MANELLA, J.

5