[Crim. No. 18448. Second Dist., Div. Two. Feb. 24, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
EARL THOMAS McMILLAN, Defendant and Appellant.

## COUNSEL

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**COMPTON, J.**—Defendant, charged with three counts of forgery (Pen. Code, § 470), pleaded guilty to one count at the time set for his preliminary hearing. Thereafter on motion by the People, the other counts were dismissed. Defendant was certified to the superior court pursuant to section 859a of the Penal Code.

In the superior court defendant made both oral and written motions to withdraw his previously entered guilty plea. Defendant's motion was denied and he was committed to the California Institute for Men at Chino. The plea was entered October 31, 1969, judgment was pronounced May 28, 1970. Defendant, on appeal, contends that the circumstances surrounding his plea of guilty, contravened the mandate of *Boykin* v. *Ala-*

*bama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], and *In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449].

■ Examination of the record before us discloses neither the appropriate affidavit nor the requisite certificate of probable cause as required by section 1237.5 of the Penal Code. Preliminarily we note that section 1237.5[1] of the Penal Code provides mandatory conditions precedent to an appeal from a judgment of conviction upon a plea of guilty. Defendant's appeal does not fall within any of the recognized exceptions to the requirements of section 1237.5. (See *People* v. *Herrera,* 66 Cal.2d 664 [58 Cal.Rptr. 319, 426 P.2d 887] (no compliance necessary where defendant filed applicable affidavit and court found that trial court's approval of transcript was in effect a certification of the appeal); *People* v. *Ward,* 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881] (no compliance necessary where defendant does not challenge validity of plea of guilty); *People* v. *Price,* 1 Cal.App.3d 982 [82 Cal.Rptr. 55] (no compliance necessary where judgment entered prior to September 17, 1965); *People* v. *Coley,* 257 Cal.App.2d 787 [65 Cal.Rptr. 559] (no compliance necessary where trial court enters *nunc pro tunc* certificate of probable cause for appeal).

It follows that defendant's appeal should be dismissed. (*People* v. *Perez,* 259 Cal.App.2d 371 [66 Cal.Rptr. 473].) However, in *People* v. *Davis,* 255 Cal.App.2d 907 [64 Cal.Rptr. 1], the court in circumstances substantially similar to the case at bar granted defendant leave to apply to the trial court for the requisite certificate of probable cause. Here as in *Davis* defendant was not represented by his trial counsel on this appeal and was without counsel on appeal until July 14, 1970, when his present counsel was appointed by this court. Thus, defendant was in propria persona during the crucial period for compliance with section 1237.5 of the Penal Code.[2] Despite *Davis* we do not feel constrained to grant defendant similar relief.

It is clear from the record before us that defendant's contention lacks merit. Accordingly, in the interest of judicial economy we treat this appeal

---

[1]Section 1237.5 of the Penal Code provides in pertinent part that "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty . . . except where: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

[2]Rule 31(d) of the California Rules of Court provides that a defendant must file the requisite statement within ten (10) days after the rendition of judgment and that the trial court must file its certificate or an order denying such a certificate within sixty (60) days after rendition of judgment. In the instant case judgment was rendered on May 28, 1970.

as a petition for a writ of habeas corpus and undertake a disposition of defendant's petition on the merits.[3] (See *People* v. *Harvath,* 251 Cal.App. 2d 780 [60 Cal.Rptr. 15].)

*Boykin* v. *Alabama,* 395 U.S. 238, 242-243 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709], declared that waiver of the federal constitutional rights resulting from a plea of guilty cannot be presumed on the basis of a silent record. The court emphasized that "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." (*Boykin* v. *Alabama, supra,* at pp. 243-244 [23 L.Ed. 2d at p. 280].)

*In re Tahl,* 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], reviewed and interpreted *Boykin* v. *Alabama, supra,* in terms of its application to California proceedings. Our Supreme Court in refining *Boykin* required that the rights of self-incrimination, confrontation, and jury trial ". . . be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea." The court added, however, that "This does not require the recitation of a formula by rote or the spelling out of every detail by the trial court. It does mean that the record must contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea. Each must be enumerated and responses elicited from the person of the defendant." (*In re Tahl, supra,* at p. 132.) It is clear that one of the primary concerns of the court in so interpreting *Boykin* was that the trial court develop an adequate record for review.

The plea entered in the case at bar was entered subsequent to *Boykin* v. *Alabama, supra,* and prior to the effective date of *In re Tahl, supra.* Because the requirements of both *Boykin* and *Tahl* were satisfied we need not consider the issue of the retroactive application of *Tahl.*

In the instant case defendant apparently received none of the *Boykin* or *Tahl* required warnings *from the court* when he entered his plea. However, at the hearing in the superior court on defendant's motion to set aside his guilty plea the following colloquy between the court and defendant occurred.

"THE COURT: . . . All right, Mr. McMillan, did you plead guilty to just Count I? Is that correct, Mr. Eckoff? THE DEFENDANT: That's correct

---

[3]Defendant is presently incarcerated in the California Men's Colony, San Luis Obispo, and thus is within the territorial jurisdiction of this court.

your Honor. THE COURT: All right, you have entered a plea in the Municipal Court to Count I, Violation of Section 470 of the Penal Code, a felony. In so doing, you have given up certain valuable legal and constitutional rights. You were represented by counsel in that Court? THE DEFENDANT: Yes, your Honor. THE COURT: Did he advise you of the rights about which I am about to relate? You understood you have a right to a trial by jury; you have a right to be confronted by witnesses who give testimony against you and in your presence; and you have the right to cross-examine those witnesses; to be represented by counsel; not to be required to give testimony against yourself that might incriminate you: You knew of all those things when you entered this plea? THE DEFENDANT: He advised me of those rights, your Honor. He also advised me that if I plead guilty, that two counts would be dropped and there was a possibility of probation. THE COURT: All right, the two counts were dropped? THE DEFENDANT: Yes. THE COURT: He advised you of the possibility of probation? THE DEFENDANT: Yes. THE COURT: Now, first, do you know, and will you state for the record, Mr. Eckoff, what the possible penalties are for violation of this section? MR. ECKOFF: This is forgery, your Honor, and just to make sure we have it exactly right, your Honor, from the chart, the possible sentences are, your Honor, one to fourteen years in the State Prison, or up to one year in the County Jail, or probation. The defendant also indicates to me that he desires to change his plea from Guilty to Not Guilty, your Honor. THE COURT: Well, of course, do you understand, and did you understand at the time you entered this plea what the penalties were? THE DEFENDANT: I understood it, your Honor. THE COURT: And you understood that the Court, and the Court alone, determined what punishment or penalty to impose, or whether to grant or not to grant probation, and if so, on what terms: you understood that? THE DEFENDANT: Yes, your Honor. THE COURT: Why did you enter this plea? THE DEFENDANT: I entered the plea—well, I wanted to get things over with as fast as possible, and I thought I had a pretty good chance of probation at that time, but I have another case pending now, and I don't want to go into that case with a felony conviction hanging onto my head. THE COURT: That other case was pending at the time you made this plea, wasn't it? THE DEFENDANT: No, sir, this is another case yet, still. THE COURT: Well, did you make that plea at the time you made it because you had committed the offenses charged there, or because of some other reason, such as somebody promised you something for making the plea? THE DEFENDANT: I wasn't promised anything, your Honor. I was told how the facts added up and how the possibilities would be as far as sentencing was concerned. THE COURT: Well, really what you are telling me now is that you want to withdraw your plea in this case because you have got

another case pending, and if it goes to trial, your plea of guilty in this case can be brought to the attention of the jury: is that what you are telling me? THE DEFENDANT: Yes, your Honor. THE COURT: We will take a recess. May I see counsel in Chambers? THE COURT: All right, again Case No. 86942, People versus Earl McMillan, and again your name is Earl McMillan? THE DEFENDANT: Yes, your Honor. THE COURT: You are present with your counsel, the Public Defender. Mr. McMillan, you have made a request to withdraw your plea. You have stated the reasons. You have stated very candidly and truthfully the reason for wishing to withdraw your plea and your understanding of your rights at the time you entered that plea."

Such an admission by the defendant is as strong and as direct evidence of defendant's understanding of the procedures as one can imagine.

Furthermore, the Supreme Court stated in *Tahl*: "What is required is evidence that the particular right was known to and waived by the defendant. The explanation *need not necessarily be by the court, . . .*" (P. 133, fn. 6.) (Italics added.)

In the final analysis it is evident that this record "forestalls the spin-off of collateral proceedings that seek to probe murky memories." (*Boykin* v. *Alabama, supra,* at p. 244 [23 L.Ed.2d at p. 280]; *In re Tahl, supra,* at p. 130.)

It is true that at the time defendant entered his plea the court did not invoke the incantations of a prepared litany. However, the record demonstrates as required by *Tahl* that this defendant was at the time he entered his plea "made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequence of his plea." (*In re Tahl, supra,* at p. 132.) We feel that the directives of *Tahl* are not so inflexible as to preclude the rendering of a judgment based on a plea of guilty entered by a defendant who subsequent to said plea admits that he was apprised of the federal constitutional rights he thereby waived. To find otherwise would be to exalt form over substance and ignore practical realities.

■ Under Penal Code section 1018, the court may for good cause shown permit a defendant's plea of guilty to be withdrawn and a plea of not guilty substituted. This is a matter for the discretion of the trial court and the trial court decision will not be disturbed on appeal unless an abuse of discretion is clearly shown. (*People* v. *Francis,* 42 Cal.2d 335, 338 [267 P.2d 8]; *People* v. *Singh,* 156 Cal.App.2d 363, 366 [319 P.2d 697].)

 We find no abuse of discretion by the trial court in denying defendant's motion to change his plea.

Appeal from judgment is dismissed; petition for writ of habeas corpus is denied.

Roth, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1971. Peters, J., was of the opinion that the petition should be granted.