[Crim. No. 11515. First Dist., Div. Two. Mar. 19, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND CHEN, Defendant and Appellant.

**COUNSEL**

Eugene Schneider, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, John T. Murphy and Ann K. Jensen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Appellant contends that he was denied the right to have counsel present during interrogation, that the provisions of section 851.5 of the Penal Code should have applied during the custodial interrogation, and that the evidence was insufficient to establish the voluntariness of his confession.

The record indicates no attempt on the part of appellant to secure a certificate of probable cause from the trial court. Under the circumstances, the issues raised are not properly before us and the appeal must be dismissed. (Pen. Code, § 1237.5.) However, the record also shows that the notice of appeal was filed in propria persona and that appellant was probably without the benefit of counsel at the time in which the certificate of probable cause should have been obtained. The purpose of section 1237.5 of the Penal Code is to avoid frivolous or vexatious appeals. (*People* v. *Ribero* (1971) 4 Cal.3d 55, 63 [92 Cal.Rptr. 692, 480 P.2d 308].) Because a portion of the issues raised here is of sufficient significance that a certificate of probable cause should have been granted if properly applied for, and because, theoretically, permission to belatedly seek a certificate of probable cause could, upon a sufficient showing, still be granted in this case, we deem it advisable to consider all issues raised in the briefs on their merits. (See *People* v. *McMillan* (1971) 15 Cal.App. 3d 576, 578 [93 Cal.Rptr. 296].)

### Right to Counsel

Under the circumstances of this case, the fact that counsel had been appointed to represent appellant on an unrelated charge did not make ineffective his clear waiver of counsel, which waiver was sufficiently established by Officer McKenna's testimony. The record shows that the officer had no reason to suspect that counsel had been appointed on the burglary charge in Oakland, with which he had no connection, or that said counsel would have been able to represent appellant in the San Francisco matter. (See *People* v. *Duren* (1973) 9 Cal.3d 218, 243 [107 Cal.Rptr. 157, 507 P.2d 1365].) As arraignment on the Oakland matter was not a sham or pretext to detain appellant for investigation of the homicides, the officers had every right to proceed with the interrogation upon receiving appellant's intelligent waiver of his rights. (See *People* v. *Taylor* (1971) 27 N.Y.2d 327 [318 N.Y.S.2d 1, 266 N.E.2d 630] and *People* v. *Wade* (1971) 35 App.Div.2d 401 [317 N.Y.S.2d 122, 124].) Those cases relied upon by appellant are clearly distinguishable.

### Section 851.5 of the Penal Code

Section 851.5 of the Penal Code, which applies to the period following arrest and *booking,* would clearly not apply to the custodial interrogation in this case.

### Voluntariness of Confession

Although California cases have held that the "reasonable doubt" standard is to be applied in determining the voluntariness of a confession (see *People* v. *Stroud* (1969) 273 Cal.App.2d 670 [78 Cal.Rptr. 270]), those holdings were based upon what was believed to be a federal rule implied in *Jackson* v. *Denno* (1964) 378 U.S. 368 [12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R.3d 1205]. The United States Supreme Court has since declared that the "preponderance of the evidence" standard meets the requirements of the Fourth Amendment and that *Jackson* v. *Denno, supra,* did not hold to the contrary *(Lego* v. *Twomey* (1972) 404 U.S. 477 [30 L.Ed.2d 618, 92 S.Ct. 619]). A state may adopt a higher standard than that required by the United States Constitution, but we do not find that California has done so. The record contains substantial evidence in support of the finding by the trial court that the confession was voluntary. There was no necessity for corroboration of the investigating officer's testimony as to appellant's intelligent waiver of his *Miranda* rights. (*People* v. *Cooper* (1970) 10 Cal.App.3d 96, 108 [88 Cal.Rptr. 919].)

If the issues raised on this appeal were properly before us, we would be compelled to affirm the judgment. However, inasmuch as the proper steps were not taken in accordance with section 1237.5 of the Penal Code, the appeal must be dismissed.

The appeal is dismissed.

A petition for a rehearing was denied April 18, 1974, and appellant's petition for a hearing by the Supreme Court was denied May 16, 1974. Wright, C.J., was of the opinion that the petition should be granted.