[Crim. No. 33731. Second Dist., Div. Five. Sept. 13, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD PINON, Defendant and Appellant.

**COUNSEL**

Catherine A. Martinez, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

KAUS, P. J.—Pursuant to a plea bargain, defendant pleaded guilty to one count of possession of a firearm by an ex-felon (Pen. Code, § 12021); a second count, possession of heroin (Health & Saf. Code, § 11350, subd. (a)), was dismissed in the interests of justice. Defendant was sentenced to state prison for a term of three years—the "upper" term. He was given credit for 167 days of time served. This appeal is from the judgment of conviction. The notice of appeal states that the appeal is "based on grounds according [*sic*] after said entry of said plea which does not challenge the validity of the plea." No certificate of probable cause (Pen. Code, § 1237.5) was obtained. Despite the above disclaimer in defendant's notice of appeal, he now argues that the plea was invalid because the record does not reflect a factual basis for the plea and that his prior conviction was a misdemeanor, not a felony. In addition, he raises a number of claims of sentencing error.

## DISCUSSION

### 1. Validity of Guilty Plea.

■ At the outset, the Attorney General argues that defendant may not raise this issue because defendant did not procure a certificate of probable cause from the trial judge. (Pen. Code, § 1237.5).[1] Defendant points out, however, that there are a number of cases in which, although the requirements of section 1237.5 would otherwise be applicable,[2] the appellate courts have either dispensed with or circumvented its demands. Thus, in *People v. Chen* (1974) 37 Cal.App.3d 1046, 1048, [112 Cal.Rptr. 894], (disapproved on other grounds in *People v. Jimenez* (1978) 21 Cal.3d 595, 608 [147 Cal.Rptr. 172, 580 P.2d 672]) the court concluded that because "a portion of the issues raised" was of "sufficient significance" that a certificate would have been granted had it been applied for, it was "advisable" to consider all issues raised on their merits.[3] In *People v. Vest* (1974) 43 Cal.App.3d 728, 731-732 [118 Cal.Rptr. 84], the court treated the appeal as a petition for writ of habeas corpus because there were "constitutional issues involved" and reached the merits of the issues raised. The reasoning in *Vest* and *Chen* was simply inverted in *People v. McMillan* (1971) 15 Cal.App.3d 576, 578-579 [93 Cal.Rptr. 296], where the appeal was treated as a petition for habeas corpus because it was "clear from the record . . . that defendant's contention lacks merit."[4]

[1]Section 1237.5 states: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: (a) The defendant has filed with the trial court a written statement executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."

[2]There are a variety of situations in which a defendant appealing from a judgment entered after his plea of guilty raises an issue other than the validity of that plea and need not obtain a certificate of probable cause as a prerequisite to the appeal. (See discussion and cases cited in *People v. Ribero* (1971) 4 Cal.3d 55, 61, fn. 3 [92 Cal.Rptr. 692, 480 P.2d 308].) It is clear, however, that where the object of the appellate attack is the validity of the guilty plea, the requirements of section 1237.5 apply. (*Id.*)

[3]The *Chen* court later paid some deference to section 1237.5 by dismissing the appeal rather than affirming the judgment; by then it had, however, considered and rejected defendant's contentions. (*Id.,* at p. 1049.)

[4]The *McMillan* court also noted that the defendant had not been represented by counsel in the period following the filing of the notice of appeal during which the certificate of probable cause must be obtained. (Rule 31(d), Cal. Rules of Court.) However, that fact could not have been a sufficient ground upon which to base dispensing with the certificate requirement since it is the *trial* attorney who has the duty, when notified by his client of his wish to prosecute an appeal, not only to file a notice of appeal but also, when necessary, to aid in obtaining a certificate of probable cause. (*People v. Ribero, supra,* 4 Cal.3d at p. 65.) If counsel is derelict in this duty, the defendant can obtain relief from default. (*Id.*)

The only "principle" which explains the stance adopted by the courts in each of these cases is the apparent belief that the "interest of judicial economy" would be served by disposing of the issues on their merits. (*Id., People v. Vest, supra,* 43 Cal.App.3d at pp. 731-732.) Yet it was that very concern—judicial economy—which motivated the adoption of section 1237.5 in the first place! (See *People v. Ward* (1967) 66 Cal.2d 571, 575 [58 Cal.Rptr. 313, 426 P.2d 881].)

The vice in such ad hoc dispensations from the procedural requirements of section 1237.5 is that the long range purposes of the statute are effectively defeated. Defendants and their appellate counsel are encouraged to raise issues which have not been first presented to the trial court in the hope that the appellate court will be moved by its own notion of judicial economy to entertain those issues on their merits. Indeed, counsel may fear that if they fail to raise such "arguable" issues on appeal they leave themselves open to the accusation that their representation has been "inadequate." (Cf. *People v. Lang* (1974) 11 Cal.3d 134, 139 [113 Cal.Rptr. 9, 520 P.2d 393].) The end result is that section 1237.5 is effectively nullified since the appellate courts must review these issues if only to determine whether it will be "economical" to decide them on their merits.

We are convinced that the purposes behind section 1237.5 will remain vital only if we insist on compliance with its procedures. There is nothing in the record before us to indicate that defendant sought to procure a certificate of probable cause or that he informed counsel that he wished to attack on appeal the validity of his guilty plea. In these circumstances, we are precluded by section 1237.5 from reviewing that issue on the present appeal.

*2. Validity of the Prior "Felony" Conviction.*

■ Defendant next contends that the conviction cannot stand because a critical element of section 12021 was not present. Section 12021 outlaws possession of a firearm by "[a]ny person who . . . has been convicted of a felony. . . ." Defendant argues that his prior burglary conviction was in fact a misdemeanor conviction and that his trial counsel was constitutionally inadequate for not recognizing that fact.

Of course, since no certificate of probable cause was obtained, our earlier discussion applies with equal force to the present issues. There is, however, a more fundamental reason why these issues may not be raised

on appeal: since they go to the question of guilt or innocence, they have been "removed from consideration" by the guilty plea. (See *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872].)

"Issues cognizable on an appeal following a guilty plea are limited to issues based on 'reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings' resulting in the plea. ([Pen. Code] § 1237.5; see also *People* v. *Ribero* (1971) 4 Cal.3d 55, 60-64 [92 Cal.Rptr. 692, 480 P.2d 308].)" (*Id.*) The issues presently sought to be raised do not attack the proceedings resulting in the plea. Rather, defendant's contention that the prior conviction was a misdemeanor rather than a felony, and the related contention that counsel was incompetent, go solely and directly to the question whether he was in fact guilty of the charged offense. However, his plea of guilty "operated to remove such issues from consideration as a plea of guilty admits all matters essential to the conviction." (*Id.;* see also *People* v. *Massey* (1976) 59 Cal.App.3d 777, 780 [130 Cal.Rptr. 581].) Consequently, these issues are simply not cognizable on the present appeal, whether or not defendant obtained a certificate of probable cause.

*3. Sentencing Issues.*

 The requirements of section 1237.5 do not apply to errors alleged to have occurred at sentencing proceedings following the entry of the guilty plea. (*People* v. *Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881].) Consequently, we now consider several issues raised by defendant regarding his sentencing.

 He first argues that the trial court failed to comply with rule 439(c) of the California Rules of Court, which requires the court to state the "facts and reasons" for selecting the upper term. The record belies this assertion. When counsel inquired why the court had chosen the high term, the judge stated: "I think this young man is a danger to the community, he is a danger to himself. He has been given a chance to come out on parole and he commits an offense when he is out on parole. I mean, how many times do you get?" Defendant does not point out why this statement was inadequate nor does he explain what more, in his view, the rule demands.

 Defendant also urges that the court improperly "considered" his prior burglary conviction—the alleged felony which was part of the basis for the present conviction of section 12021—as a circumstance in

aggravation. Rule 441(d) of the California Rules of Court states that, "[a] fact which is an element of the crime may not be used to impose the upper term."

It is clear, however, from the statement of reasons set forth above that the court did not use "the fact" of defendant's prior conviction as an aggravating circumstance. The court merely noted that defendant was on parole for the prior offense when the present offense was committed. Nothing in the rules prohibits the court from relying upon the relationship of the prior conviction to the present offense as an aggravating consideration, even where the fact of the offense itself could not be used.

■ Next defendant argues that there was error because no "statement in aggravation" was filed prior to sentencing and defendant "was not given time to prepare a refutation to the allegations of aggravating circumstances" contained in the probation report. The relevant statute provides, in pertinent part: "At least four days prior to the time set for imposition of judgment either party may submit a statement in aggravation or mitigation to dispute facts in the record or the probation officer's report, or to present additional facts." (Pen. Code, § 1170, subd. (b).)

■ The statutes do not make the filing of a "statement in aggravation" a necessary precondition to the court imposing the upper term. In determining which term is appropriate, the court is permitted to consider "the record in the case, the probation officer's report, [and] other reports" as well as "statements in aggravation or mitigation submitted by the prosecution or the defendant, . . ." (Pen. Code, § 1170, subd. (b).) ■ The "statements in aggravation or mitigation" were obviously permitted simply to afford the parties a means of bringing facts to the attention of the court which would otherwise not be before it.

Moreover, there is no basis for the contention that the court's reliance on the probation report deprived defendant of adequate time to prepare for the sentencing hearing. If anything, the inclusion of aggravating factors in the probation report[5] gives a defendant more time to prepare than if they are included in a statement in aggravation: the former must be filed nine days before the sentencing hearing (Pen. Code, § 1203), while the latter need not be filed until four days before that hearing. (Pen. Code, § 1170, subd. (b).) In the present case, defense counsel made no

---

[5]The "circumstances in aggravation," including those relied upon by the court, were listed in a separate section at the end of the probation report.

complaint at the sentencing hearing about having had insufficient time to prepare, and in fact he successfully attacked a number of the allegations in the probation report.

Finally, defendant argues that he was entitled to "good time/work time" credit in addition to the credit for time served which he received. However, our examination of the superior court file has revealed that pursuant to a motion by defendant, the trial court granted defendant 54 days of such additional credit on June 6, 1979. In light of this action by the trial court, the present contention is moot.[6]

The judgment of conviction is affirmed.

Stephens, J., and Ashby, J., concurred.

---

[6]The question of the validity of such credits is presently before the Supreme Court. (*In re Davis,* Crim. No. 20999; *People* v. *Brown,** Crim. No. 20998; *People* v. *Sage,** Crim. No. 20997.) However, the People have not appealed from the order granting the credit in the instant case.