OPINION
A criminal defendant, convicted by plea of four felonies, contends on appeal that an unreasonable search and seizure, denial of discovery, entrapment, and the failure of his trial counsel adequately to pursue the defense of entrapment, all combine to compel reversal of his convictions.
Defendant's failure to comply with Penal Code section 1237.5
and California Rules of Court, rule 31(d) compels dismissal of the appeal.
 Procedural History
By information filed March 23, 1982 (as amended June 8, 1982), the Marin County District Attorney accused defendant of 10 felonies, as follows: Counts I and II, sale or transportation of heroin (Health Saf. Code, § 11352); counts III and V, selling a substance in lieu of methaqualone (Health Saf. Code, §11355); counts IV and VII, attempted receipt of stolen property (Pen. Code, §§ 664, 496);[1] count VI, possession of methamphetamine (Health Saf. Code, §11377); count VIII, possession of *Page 984 
marijuana for sale (Health Saf. Code, § 11359); count IX, possession of phenmetrazine amphetamine (Health Saf. Code, §11377); and, count X, possession of codeine pethidine (Health Saf. Code, § 11350).
On April 21, 1982, defendant filed motions for discovery, for suppression of evidence pursuant to section 1538.5, and to set aside the information pursuant to section 995. In due course, the trial court heard and denied the section 995 and suppression motions, and granted the discovery motion.
On August 17, 1982, pursuant to a plea agreement, defendant pleaded guilty to counts I, III, IV, and IX of the information. On October 20, 1982, the trial court sentenced defendant to state prison for each of these counts. The court ordered that the prison terms run concurrently to each other, but suspended execution of defendant's sentence and placed him on probation for three years, with conditions, including service of one year in jail.
At the conclusion of sentencing, defendant's trial counsel asked the court to set bail pending appeal. The deputy district attorney representing the People suggested that bail should not be set until a notice of appeal was on file. Defendant's trial counsel thereupon hand printed and filed a notice of appeal on a five-and-three-fourth-inch by eight-and-one-half-inch sheet of paper on the spot. The court set bail on appeal at $5,000.
Defendant filed a more formal, typewritten notice of appeal on November 17, 1982. Neither the hand-printed notice of appeal nor the typewritten notice states any grounds on which the defendant bases his appeal. The record on appeal contains no certificate of probable cause executed by the trial court, and no indication that the defendant has made any effort to apply for a certificate of probable cause.
Defendant makes a variety of contentions on appeal, and initially we must determine whether they are cognizable.
 Discussion
Rule 31(d) of the California Rules of Court (hereinafter, rule 31(d)) provides as follows: "In cases in which a judgment of conviction was entered upon a plea of guilty or nolo contendere, the defendant shall file the statement required by Section1237.5[2] of the Penal Code, which shall serve as *Page 985 
a notice of appeal, within 60 days after the rendition of judgment, but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. Within 20 days after the defendant files his statement the trial court shall execute and file either a certificate of probable cause or an order denying such a certificate, and shall forthwith notify the parties of the granting or denial of such certificate.
"If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of such plea which do not challenge the validity of the plea or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds.
"The time for preparing, certifying and filing the record on appeal or for filing an agreed statement shall commence to run when the appeal becomes operative."
(1) Since defendant did not obtain a certificate of probable cause from the trial court and because his notices of appeal stated no ground on which he purports to base his appeal, his appeal is not operative. (Rule 31(d).) The appropriate disposition for such an inoperative appeal is dismissal. (SeePeople v. McNight (1985) 171 Cal.App.3d 620, 626 [217 Cal.Rptr. 393]; People v. Perry (1984) 162 Cal.App.3d 1147, 1153 [209 Cal.Rptr. 414]; People v. Vest (1974) 43 Cal.App.3d 728, 731, 737 [118 Cal.Rptr. 84]; People v. Nigro (1974)39 Cal.App.3d 506, 511 [114 Cal.Rptr. 213]; People v. Chen
(1974) 37 Cal.App.3d 1046, 1048 [112 Cal.Rptr. 894], disapproved on another ground in People v. Jiminez (1978) 21 Cal.3d 595, 608 [147 Cal.Rptr. 172, 580 P.2d 672]; People v. McMillan
(1971) 15 Cal.App.3d 576, 578 [93 Cal.Rptr. 296].)[3]
The fact that the People have made no formal motion to dismiss this appeal does not make dismissal any less appropriate. The People cannot waive the requirements of rule 31(d) by silence, or even by affirmative consent to the appeal proceeding in spite of noncompliance with this rule. (See People v. Perry, supra,
162 Cal.App.3d at p. 1150.)
A body of published appellate opinions does exist in which the authors, by one device or another, have discussed the merits of criminal appeals, in spite of appellants' noncompliance with section 1237.5 and rule 31(d). *Page 986 
The Second Appellate District has avoided section 1237.5 by dismissing appeals but then purporting to treat the proceedings as applications for writs, "in the interest of judicial economy. . . ." (People v. Vest, supra, 43 Cal.App.3d at pp. 731-732 [denying habeas corpus relief]; People v. Nigro, supra,
39 Cal.App.3d at p. 511 [denying mandate]; People v. McMillan,supra, 15 Cal.App.3d at pp. 578-579 [denying habeas corpus].)
The Fifth Appellate District has been more forthright in its disregard of section 1237.5 and rule 31(d), proceeding to treat an appeal on its merits and to affirm a criminal conviction in the absence of a certificate of probable cause, without resorting to the device of treating an appeal as a writ application, again "in the interest of judicial economy." (People v. Santos
(1976) 60 Cal.App.3d 372, 378 [131 Cal.Rptr. 426].)
The Fourth Appellate District follows the same approach, and spells out the underlying rationale. To ignore the requirements of section 1237.5 and rule 31(d) forestalls "`an inevitable collateral attack on the basis of inadequacy of counsel for not securing a certificate of probable cause. . . .'" (People v.Tirado (1984) 151 Cal.App.3d 341, 348 [198 Cal.Rptr. 682], hg. den. Mar. 22, 1984, quoting from People v. Musante (1980)102 Cal.App.3d 156, 158 [162 Cal.Rptr. 158], hg. den. Apr. 24, 1980, cert. den. (1980) 449 U.S. 932 [66 L.Ed.2d 157, 101 S.Ct. 332].)
In People v. Chavez (1981) 124 Cal.App.3d 215, 220 [177 Cal.Rptr. 306], Division Four of the First Appellate District follows another approach, dealing with the appeal on its merits because of a belief that an affidavit of defendant's trial counsel filed in conjunction with his notice of appeal would have resulted in the issuance of a certificate of probable cause, if only he had asked for it.
Other courts have acknowledged the necessity of a certificate of probable cause in appeals to which section 1237.5 and rule 31(d) apply, but have nevertheless gratuitously indulged in discussions of the issues which the appellants sought improperly to raise. In People v. Williams (1980) 103 Cal.App.3d 507, 512 [163 Cal.Rptr. 169], another Fifth Appellate District panel states that whether the defendant admitted a prior felony conviction in the course of entering his guilty plea "is not cognizable on this appeal" in the absence of a certificate of probable cause, but then proceeds to discuss that very issue for five pages, to reach a conclusion on that issue, and to affirm. (Id., at pp. 512-516.) Similarly, in Perry and Chen,
although Division Five of the Second Appellate District and Division Two of the First Appellate District, respectively, do
dismiss appeals pursuant to section 1237.5 and rule 31(d), the opinions include gratuitous discussions of the merits of the appellants' contentions. (People v. Perry, supra, *Page 987 
162 Cal.App.3d at p. 1152; People v. Chen, supra, 37 Cal.App.3d at pp. 1048-1049.) More recently, Division Three of the First Appellate District, while dismissing an appeal where the trial court had denied an application for a certificate of probable cause and declaring that they "will not reach the merits of [t]his appeal," give a brief advisory opinion on the merits in a footnote. (People v. McNight, supra, 171 Cal.App.3d at p. 625, including fn. 5.)
Even the California Supreme Court has fallen victim to the temptation gratuitously to discuss the merits of an issue not cognizable on appeal because of noncompliance with section1237.5, while stoutly declaring that a convict cannot bypass the requirements of section 1237.5 by asserting his contentions in a petition for habeas corpus relief. (In re Brown (1973) 9 Cal.3d 679, 684-686 [108 Cal.Rptr. 801, 511 P.2d 1153].)
The lesson we discern from the above-outlined body of case law is that a felony convict who ignores the requirements of section1237.5 and rule 31(d) can, nevertheless, get an appellate opinion, advisory or otherwise, discussing the merits of the contentions which he or she improperly seeks to raise. We decline to join that line of cases.
"The only `principle' which explains the stance adopted by the courts in each of these cases is the apparent belief that the `interest of judicial economy' would be served by disposing of the issues on their merits. ([People v. McMillan, supra,
15 Cal.App.3d at pp. 578-579;] People v. Vest, supra,
43 Cal.App.3d at pp. 731-732.) Yet it was that very concern — judicial economy — which motivated the adoption of section 1237.5
in the first place! (See People v. Ward (1967) 66 Cal.2d 571, 575. . . .)
"The vice in such ad hoc dispensations from the procedural requirements of section 1237.5 is that the long range purposes of the statute are effectively defeated. Defendants and their appellate counsel are encouraged to raise issues which have not been first presented to the trial court in the hope that the appellate court will be moved by its own notion of judicial economy to entertain those issues on their merits. Indeed, counsel may fear that if they fail to raise such `arguable' issues on appeal they leave themselves open to the accusation that their representation has been `inadequate.' (Cf. People v.Lang (1974) 11 Cal.3d 134, 139. . . .) The end result is that section 1237.5 is effectively nullified since the appellate courts must review these issues if only to determine whether it will be `economical' to decide them on their merits." (People
v. Pinon (1979) 96 Cal.App.3d 904, 909 [158 Cal.Rptr. 425].)
Consistent with such reasoning, we believe that section 1237.5
and rule 31(d), when obeyed, constitute an effective scheme for achievement of judicial *Page 988 
economy through apportionment of tasks between the county and state levels. After a criminal defendant has been convicted by plea, a single superior court judge in the county of venue, not a three-judge panel of the Court of Appeal, performs the initial screening when a defendant wants to appeal on "constitutional, jurisdictional, or other grounds going to the legality of the proceedings" (§ 1237.5), other than search or seizure or grounds "occurring after entry of such plea which do not challenge the validity of the plea." (Rule 31(d).)
The county clerk in the county of venue performs his or her responsibility in the initial screening process by checking to see whether the criminal defendant appealing from a conviction by plea has complied with rule 31(d). In cases where, as here, the appellant has not secured a certificate of probable cause and has not stated any grounds for his or her appeal in the notice of appeal, the county clerk should not proceed to order preparation of reporters' transcripts but, rather, should notify the appellant of his or her noncompliance with section 1237.5 and rule 31(d). (Cf. People v. Nigro, supra, 39 Cal.App.3d at p. 510, fn. 2.)
When an appellate court considers an appeal on its merits in spite of the appellant's noncompliance with section 1237.5 and rule 31(d), it arrogates to itself the screening which should have taken place at the county level. The better and, we think, correct response at the appellate court level, to an appellant's disregard of the requirements of section 1237.5 and rule 31(d) is a simple refusal to discuss the merits of the appellant's contentions. (See People v. Sabados (1984) 160 Cal.App.3d 691, 696 [206 Cal.Rptr. 799], hg. den. Dec. 13, 1984; People v.Patterson (1984) 151 Cal.App.3d 252 [198 Cal.Rptr. 585], distinguishing People v. Holland (1978) 23 Cal.3d 77, 84 [151 Cal.Rptr. 625, 588 P.2d 765]; People v. Masten (1982)137 Cal.App.3d 579, 585 [187 Cal.Rptr. 515]; People v. Haines
(1981) 123 Cal.App.3d 861, 864 [177 Cal.Rptr. 41], hg. den. Dec. 16, 1981.) Accordingly, since these requirements have not here been met, we decline to discuss the merits of the issues which defendant seeks to raise on this appeal.
People v. Musante, supra, 102 Cal.App.3d 156, 158, cogently states "that if Penal Code section 1237.5 is to retain any viability in the statutory scheme, appellate courts cannot engage in a wholesale disregard of its procedural requirements. Judicial economy, the usual excuse for circumventing this section, is a sorry excuse for ignoring a statute which was enacted for that very consideration."
Our refusal to discuss the merits of defendant's appeal may precipitate a collateral attack on his conviction and further expenditure of this court's *Page 989 
resources to consider his application for a writ.[4] (Ibid.) If we restrict our view to defendant's cause, the course which we have chosen may prove to be an exercise in judicial wastefulness. However, to act on such a narrow view only encourages defendants convicted by plea to flout section 1237.5 and rule 31(d), and subverts a well-conceived procedural scheme.
That defendant's search and seizure contention would have been cognizable on this appeal if he had complied with the second paragraph of rule 31(d) provides no good reason for our ignoring the fact that he has not complied. Nor does any good reason occur to us for giving "shall not be operative" a different meaning in the second paragraph of rule 31(d) from that which it has in the first paragraph.
The appeal is dismissed.
Elkington, Acting P.J., and Newsom, J., concurred.
[1] All statutory references hereinafter, unless otherwise noted, are to the Penal Code.
[2] Section 1237.5 provides: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."
[3] The California Supreme Court denied hearings in Nigro,Chen, and McMillan.
[4] Defendant has already attempted, without making any effort to comply with rule 23(b) of the California Rules of Court, to put factual material not in the record before us. A declaration appended to defendant's letter brief filed September 17, 1985, alleges what defendant's trial counsel did and did not tell him about the procedural requirements for an appeal. *Page 990