[No. H011998. Sixth Dist. Mar. 31, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
KIMBERLY JANICE JONES, Defendant and Appellant.

COUNSEL

Robert Spertus, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Thomas A. Brady and Kevin Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BAMATTRE-MANOUKIAN, J.—Appellant Kimberly Janice Jones entered pleas of no contest to first degree burglary (Pen. Code, § 459, count I), two counts of possession of stolen property (Pen. Code, § 496, counts II and III), being under the influence of a controlled substance (Health & Saf.

Code, § 11550, count IV) and resisting arrest (Pen. Code, § 148, count V). The court accepted the pleas and sentenced appellant on all counts, with the sentences on counts II through V to run concurrently to the four-year term imposed for count I. The court later modified the sentence by staying imposition of the sentences for counts II and III, with the stays to become permanent upon completion of the term for count I.

Appellant claims on appeal that she cannot lawfully be convicted both for burglary and for receiving the property stolen during the burglary. (Pen. Code, § 496, subd. (a); *People* v. *Jaramillo* (1976) 16 Cal.3d 752, 757 [129 Cal.Rptr. 306, 548 P.2d 706].) Respondent argues that appellant's failure to obtain and file a certificate of probable cause, pursuant to Penal Code section 1237.5, precludes review of the judgment. We agree with respondent and we therefore order the appeal dismissed.

## FACTS AND PROCEDURAL HISTORY

Shortly after midnight on April 11, 1993, Hollister police responded to a call concerning a suspicious individual in a residential neighborhood. Police officers were directed to a parked truck, where they found appellant, who seemed disoriented and in a panic. The officers noticed appellant's hand was bleeding. Appellant told the officers that while she was out for a walk, she had broken into a house. Once inside, she had become lost and scared and quickly ran out the back door. Appellant stated that she had cut her hand on some glass while breaking into the residence. She was unable to recall any other details regarding the incident, except that she had jumped over some fences.

Officers searched the area and found personal property not belonging to appellant. They surmised that a residential burglary had occurred and they arrested appellant, after a brief struggle. Although police were unable to identify the burglarized residence at the time of the arrest, later that day police responded to a reported residential burglary in the same vicinity. At the residence, officers found the entryway window broken, sundry items thrown on the floor, and blood on the walls and floors. One of the victims, Robert Flores, subsequently identified some of the personal property recovered from appellant as belonging to him. Other property belonged to Ernesto Flores.

At appellant's personal interview in county jail, she denied burglarizing the residence. She claimed that she had entered the house only to avoid a man she thought was following her. She gave no explanation as to why she had taken the property. Appellant admitted smoking a "joint" at a party

earlier on the night of the burglary. The toxicology results showed the presence of amphetamines in her blood.

On July 16, 1993, an information was filed in San Benito County Superior Court charging appellant with first degree burglary (Pen. Code, § 459, count I), receiving stolen property (Pen. Code, § 496, counts II and III), being under the influence of a controlled substance (Health & Saf. Code, § 11550, count IV) and resisting arrest (Pen. Code, § 148, count V). Counts II and III were separately alleged because the property recovered belonged to two different victims. On July 20, 1993, appellant pled not guilty to the charges alleged in the information.

On September 14, 1993, appellant's attorney, with her concurrence, requested that he be relieved from appellant's case due to a breakdown in communications. Following a *Marsden* hearing (*People* v. *Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]), the trial court denied the request. On October 26, 1993, appellant again requested that counsel be relieved. The court impliedly denied her request and set the case for trial.

On November 2, 1993, appellant withdrew her plea of not guilty and entered a plea of nolo contendere to all counts. At the proceeding, appellant's counsel stated that "[r]ather than accept an offer issued by the district attorney . . . [appellant] feels that she can explain her situation to the probation department and would prefer to go without any conditions." After a thorough questioning, the trial court accepted appellant's plea.

On December 7, 1993, the court found appellant ineligible for probation and sentenced her to the midterm of four years on count I (Pen. Code, § 459), the midterm of two years each for counts II and III (Pen. Code, § 496), one year on count IV (Health & Saf. Code, § 11550) and six months on count V (Pen. Code, § 148), with the sentences on counts II through V to run concurrently.

On December 8, 1993, appellant, in propria persona, filed a notice of appeal from her "conviction on December 7, 1993." Counsel was appointed and on January 13, 1994, filed an amended notice of appeal. The amended notice stated that appellant "appeals solely upon grounds occurring after entry of the plea of guilty which do not challenge its validity. Thus, this appeal is authorized by the California Rules of Court, rule 31(d)."

On March 24, 1994, appellant's trial counsel filed a motion in the trial court, asking the court to vacate or correct her sentence on the basis that it was not authorized by law. Counsel argued it was error to convict appellant

of receiving the same property she had allegedly stolen during the burglary, citing Penal Code section 496, subdivision (a), *People* v. *Jaramillo, supra,* 16 Cal.3d 752 and *People* v. *Stewart* (1986) 185 Cal.App.3d 197, 203, footnote 2 [229 Cal.Rptr. 445]. Counsel asked the court to vacate its judgment, rehear the matter and enter convictions either on the burglary count or on the receiving stolen property counts. The court denied the motion; however it modified appellant's sentence to stay imposition of the sentences on counts II and III, with the stays to become permanent upon completion of the term for count I.

## DISCUSSION

Appellant contends the judgment of conviction must be vacated for the reason that "one may not be convicted of stealing and of receiving the same property." (*People* v. *Jaramillo, supra,* 16 Cal.3d 752, 757; Pen. Code, § 496, subd. (a).) " 'A defendant may, of course, be charged with both crimes, but it is for the trier of fact to determine whether he [or she] is guilty as a thief or as a non-thief of concealing and withholding.' [Citation]." (16 Cal.3d at p. 758.) Since it is not only the sentence for both crimes but the conviction for both which is unlawful, a stay of punishment is not the appropriate remedy. (*Ibid.; People* v. *Stewart, supra,* 185 Cal.App.3d at p. 203, fn. 2; but see *People* v. *Bernal* (1994) 22 Cal.App.4th 1455, 1458 [27 Cal.Rptr.2d 839].)

▇▇▇ The People contend that appellant may not challenge the legality of her conviction on appeal because she failed to obtain and file a certificate of probable cause. We agree that a certificate is required in this case. We therefore do not reach the merits of appellant's claim. Penal Code section 1237.5 provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." The provisions of this section are implemented by rule 31(d) of the California Rules of Court which provides that a certificate is not necessary where the appeal is "based solely upon grounds . . . occurring after entry of the plea which do not challenge its validity . . . ." However in such a case the notice of appeal must state that it is based upon such grounds.

Appellant's amended notice of appeal included the language indicated by California Rules of Court, rule 31(d), proclaiming that it was based "solely

upon grounds occurring after entry of the plea of guilty which do not challenge its validity." It appears, however, that appellant is not challenging the sentence, as modified, but rather is claiming that the conviction itself must be reversed or vacated because it is unlawful. Claims regarding the illegality of the judgment, whether on jurisdictional or other grounds, are precisely the types of claims which are covered by Penal Code section 1237.5 and require a certificate of probable cause. "A judgment entered on a plea of guilty or nolo contendere is . . . not reviewable on the merits. [Citations.] After such a plea the only issues which may be considered on appeal are those based upon constitutional, jurisdictional, or other grounds going to the legality of the proceedings and *those only when the statutory requisites of Penal Code section 1237.5 are fulfilled.*" (*People* v. *Padfield* (1982) 136 Cal.App.3d 218, 224 [185 Cal.Rptr. 903], italics added.)

Our court has addressed this issue in two previous cases where defendant's plea included the admission of a prior serious felony. (*People* v. *Arwood* (1985) 165 Cal.App.3d 167 [211 Cal.Rptr. 307]; *People* v. *Breckenridge* (1992) 5 Cal.App.4th 1096 [8 Cal.Rptr.2d 1].) In both cases we found that the failure to comply with section 1237.5 barred appellate review.

In *Arwood*, defendant attempted to argue on appeal that the admitted felony was not a serious felony within the meaning of Penal Code section 667. He contended that section 1237.5 did not apply because his challenge was limited to the validity of the sentence imposed pursuant to section 667, *after* the entry of the nolo contendere plea. We rejected this argument, stating that the "imposition of the enhancement related back to [defendant's] admission of the prior felony conviction, which occurred at the time he entered the plea." His appeal, therefore, "constitute[d] a challenge to the validity of his plea insofar as it encompassed admission of a prior serious felony within the meaning of section 667." We concluded: "appellant's failure to obtain a certificate of probable cause effectively bars his challenge on appeal to the validity of the enhancement resulting from his admission of the prior felony." (*People* v. *Arwood, supra,* 165 Cal.App.3d at p. 172.)

In *Breckenridge*, we endorsed the reasoning of *People* v. *Arwood*. Defendant in that case had admitted a prior serious felony and then contended on appeal that his admission of the prior was invalid due to an inadequate advisement of rights. Although defendant's notice of appeal stated he was challenging the improper sentence on appeal, we found, based on *People* v. *Arwood*, that "[t]his claim implicates the validity of his admission of the prior." (*People* v. *Breckenridge, supra,* 5 Cal.App.4th at p. 1098.)

*People* v. *Jerome* (1984) 160 Cal.App.3d 1087 [207 Cal.Rptr. 199], is in line with these cases. In *Jerome*, defendant pled guilty to oral copulation

with a person under 14 years of age, where the victim was actually 15 years old. On appeal he contended that the court erroneously imposed judgment on his plea of guilty because it was legally impossible for him to have committed that crime. The Court of Appeal agreed that it was legally impossible to commit the charged crime and that the trial court had therefore acted in excess of its jurisdiction when it imposed sentence for that crime. However, the court continued, "notwithstanding that error, defendant cannot raise this jurisdictional issue on appeal because he did not request or procure a certificate of probable cause." (*Id.* at p. 1094.)

Another court, faced with an issue similar to these, came to a different result. (*People* v. *Loera* (1984) 159 Cal.App.3d 992 [206 Cal.Rptr. 60].) In *Loera*, defendant had entered guilty pleas on various counts in several informations, pursuant to a negotiated disposition. Among other things, he pleaded guilty to a violation of Penal Code section 496, receiving stolen property, and to a violation of section 12022.6, excessive taking. Both counts involved the same property. On appeal he challenged the court's imposition of the one-year enhancement under section 12022.6, contending that section 12022.6 could not be used to enhance a sentence for receiving stolen property. The court in *Loera* found that appellant was "in effect contending that the sentence imposed was unlawful"; consequently he did not need to comply with the requirements of section 1237.5. The court wrote: "The imposition of a sentence which is unlawful, and consequently void, is a jurisdictional defect subject to correction whenever it comes to the attention of either a trial court or a reviewing court. . . . We therefore conclude that defendant is not precluded from pressing his contention by virtue of his admission and previous inaction, or by his failure to secure a certificate of probable cause ordinarily required by section 1237.5." (*People* v. *Loera, supra,* 159 Cal.App.3d at p. 998.)

We find *Loera* to be inconsistent with *Arwood* and *Breckenridge*. In those cases we held that appellant's challenge to the imposition of a sentence enhancement was in essence a claim based upon the validity of the plea itself and therefore required a certificate of probable cause. We disagree with *Loera* to the extent that it is inconsistent with our prior cases. Moreover, unlike *Loera*, appellant in our case does not challenge the sentence, as modified, but instead claims that the conviction is unlawful.

█ A defendant suffers a conviction when he or she pleads guilty. (*People* v. *Banks* (1959) 53 Cal.2d 370, 390-391 [1 Cal.Rptr. 669, 348 P.2d 102]; *People* v. *Balderas* (1985) 41 Cal.3d 144, 203 [222 Cal.Rptr. 184, 711 P.2d 480].) A plea of guilty or nolo contendere is a "conclusive admission of guilt" (*People* v. *Turner* (1985) 171 Cal.App.3d 116, 125 [214 Cal.Rptr.

572]), and constitutes a conviction " 'within the ordinary as well as the technical meaning of the word, . . .' " (*People* v. *Williams* (1945) 27 Cal.2d 220, 228 [163 P.2d 692]; *Stephens* v. *Toomey* (1959) 51 Cal.2d 864, 869 [338 P.2d 182].) By pleading nolo contendere a defendant "acquire[s] the status . . . of a person convicted of a felony." (*People* v. *Banks*, *supra*, 53 Cal.2d 370, 387.) ■ Thus, as we understand it, appellant's claim that the conviction is unlawful is necessarily a challenge involving the validity of the plea and an appeal on that basis must comply with the requirements of section 1237.5. That section, as we have noted, expressly encompasses all claims raising "constitutional, jurisdictional or other grounds going to the legality of the proceedings."

"When a defendant fails to satisfy the requirements of section 1237.5, and the record discloses no justification therefor, the appeal is not operative, and the appropriate disposition is dismissal." (*People* v. *Grey* (1990) 225 Cal.App.3d 1336, 1339 [275 Cal.Rptr. 572]; *People* v. *Ballard* (1985) 174 Cal.App.3d 982, 985 [220 Cal.Rptr. 323]; *People* v. *Castelan* (1995) 32 Cal.App.4th 1185, 1188 [38 Cal.Rptr.2d 574].) We acknowledge that some courts, including this court on occasion, have adopted a practice of finding that appellant has not complied with section 1237.5 but then have employed one device or another "to circumvent the statute and reach the merits of the appeal in the interest of 'judicial economy'." (*People* v. *Breckenridge*, *supra*, 5 Cal.App.4th at p. 1100; see, e.g., *People* v. *Arwood*, *supra*, 165 Cal.App.3d 167 [treating appeal as petition for writ of habeas corpus]; *People* v. *Young* (1991) 228 Cal.App.3d 171 [278 Cal.Rptr. 784] [same]; see also cases cited in *People* v. *Ballard*, *supra*, 174 Cal.App.3d 982, 986-987.)

Other courts have rejected these devices, finding that "the better practice is to resist temptation to entertain the appeal and refuse to discuss the merits even though this might precipitate a collateral attack on the defendant's conviction. To do otherwise only encourages defendants convicted by plea to flout Penal Code section 1237.5 and California Rules of Court, rule 31(d) and subverts a well-conceived procedural scheme." (*People* v. *Zamora* (1991) 230 Cal.App.3d 1627, 1634 [282 Cal.Rptr. 100]; see *People* v. *Guzman* (1991) 226 Cal.App.3d 1060, 1066, fn. 4 [277 Cal.Rptr. 286]; *In re Chadwick C.* (1982) 137 Cal.App.3d 173, 178, fn. 4 [186 Cal.Rptr. 827]; *People* v. *Brinkman\** (Cal.App.).) We agree with this latter group.

The appeal is dismissed.

Elia, J., concurred.

_____

*Opinion (E012503) deleted upon direction of Supreme Court by order dated July 27, 1995.

**PREMO, Acting P. J.**—I respectfully dissent. The trial court herein rendered an invalid sentence. Rectifying this mistake does not affect defendant's no contest plea. It does not impose a burden on judicial resources to correct the error, in my opinion.

The majority opinion, however, though understandably concerned about the statutory scheme of Penal Code section 1237.5, nonetheless perpetuate the mistake of the trial court by dismissing this appeal. The defendant is thus left to proceed by petition for writ of habeas corpus which will duplicate this entire appellate process.

I believe this case is amenable to the same analysis as *People* v. *Flores** (Cal.App.).

Appellant's petition for review by the Supreme Court was denied June 28, 1995.

---

*Rehearing granted April 12, 1995. Opinion (H012232) filed May 22, 1995, not for publication.