Filed 5/17/24  P. v. Mendez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099169 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FECOD-2020-0013904) |
| v. | |
| GILBERT GUADALUPE MENDEZ, | |
| Defendant and Appellant. | |

Defendant Gilbert Guadalupe Mendez pleaded guilty to three counts of assault with force likely to produce great bodily injury and discharging a firearm at a vehicle.  As part of the negotiated plea disposition, the trial court stayed a personal firearm use enhancement that defendant admitted and sentenced him to an aggregate prison term of 13 years.  On appeal defendant contends the trial court erred by staying the personal firearm use enhancement instead of striking it, which resulted in an unauthorized sentence.  We dismiss the appeal for failure to obtain a certificate of probable cause.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

A complaint charged defendant with two counts of special circumstances murder (Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(3),(15), & (22) [unless otherwise stated, statutory section citations that follow are to the Penal Code]; attempted murder (§§ 664, 187, subd. (a)); shooting at an inhabited vehicle (§ 246); being a person in possession of a firearm after having been convicted of a felony (§ 29800, subd. (a)(1)); unlawfully possessing ammunition (§ 30305, subd. (a)(1)); and participating in street gang activity (§ 186.22, subd. (a)).

The complaint also alleged enhancements for gang related firearm use causing death (§ 12022.53, subds. (d)-(e)); committing the offenses for the benefit of, or in association with a criminal street gang (§ 186.22, subd. (b)(1)); and for prior serious felony convictions (§§ 1170.12, subd. (b)); 667, subd. (a)(1)).

The prosecutor offered defendant a negotiated plea disposition consisting of three counts of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) and one count of discharging a firearm at a vehicle (§ 246). The plea agreement required defendant to admit a prior serious felony allegation as a prior strike (§ 1170.12, subd. (b)). The plea also required defendant to admit a personal firearm use enhancement allegation (§ 12022.5, subd. (a)) related to the discharging a firearm at a vehicle count, which the trial court would stay. The trial court informed defendant he faced a maximum sentence of 27 years but would only be sentenced to an aggregate term of 13 years. For purposes of the plea, the discharging of a firearm at a vehicle count was used as the base term and admitting the firearm use enhancement elevated that count to a violent felony under section 667.5, subdivision (c)(8). The trial court specifically told defendant, "You're also pleading to one violent strike, that's [the section 246] count, and admitting a strike," which defendant said he understood. Defendant and his counsel both acknowledged they understood the terms of the plea.

2

The trial court sentenced defendant to the midterm of five years on the discharging a firearm at a vehicle count, which it doubled pursuant to the strike, and one-year consecutive terms on each of the three counts of assault with force likely to produce great bodily injury resulting in a 13-year aggregate term. The trial court stayed the personal firearm use enhancement and dismissed the remaining counts and allegations.

Defendant filed a timely appeal, however the trial court denied defendant's request for a certificate of probable cause. We asked the parties to provide supplemental briefing on whether this appeal must be dismissed because defendant has not obtained a certificate of probable cause (§ 1237.5).

DISCUSSION

Defendant claims the trial court erred by failing to strike the firearm use enhancement, resulting in an unauthorized sentence. The People, in their supplemental briefing, argue the appeal must be dismissed because defendant did not obtain a certificate of probable cause. We agree with the People that defendant's claim is not cognizable because it attacks the validity of the plea and defendant did not obtain a certificate of probable cause.

Section 1237.5, subdivision (b) and California Rules of Court, rule 8.304(b) both generally require a defendant to obtain a certificate of probable cause to appeal a conviction based on a guilty plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76-77 (*Panizzon*).) The requirements of section 1237.5 should be strictly applied. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098.)

When a defendant pleads guilty in exchange for specified benefits, both the People and defendant must be held to the terms of the plea agreement. (*Panizzon, supra*, 13 Cal.4th at p. 80.) A defendant must obtain a certificate of probable cause "if the challenge [on appeal] goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement." (*People v. Johnson* (2009) 47 Cal.4th 668, 678; *People v. Shelton* (2006) 37 Cal.4th 759, 766, quoting *Panizzon*, at p. 79 ["a challenge to

3

a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself" and thus requires a certificate of probable cause]; *People v. Buttram* (2003) 30 Cal.4th 773, 789 ["when the parties agree to a *specified* sentence, any challenge to that sentence attacks a term, and thus the validity, of the plea itself"].)

The term requiring defendant to admit to a personal firearm use enhancement in exchange for the trial court staying that enhancement was an integral part of the plea agreement. The trial court specifically explained this term and its consequences to defendant before he entered his plea. Defendant and his counsel acknowledged they understood the terms of the plea, and defendant specifically acknowledged he understood the term that he now challenges on appeal.

The parties agreed defendant would admit a section 12022.5 gun use enhancement and the trial court would stay imposition of the enhancement. The apparent purpose of the term requiring defendant to admit to the firearm use enhancement was to elevate the discharging of a firearm at a vehicle count to a violent felony, within the meaning of section 667.5, subdivision (c)(8). In exchange for admitting the enhancement, defendant avoided four additional years on his sentence because the trial court stayed the enhancement. We therefore conclude the term was an integral part of the plea agreement that benefitted defendant. (*People v. Johnson*, *supra*, 47 Cal.4th at p. 678; *Panizzon, supra*, 13 Cal.4th at p. 80.)

Defendant argues the plea agreement resulted in an unauthorized sentence, but defendant does not directly address why he is not required to obtain a certificate of probable cause. Defendant cannot claim on appeal an integral term of the plea agreement is invalid when he freely entered into the negotiated plea disposition. (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1186.) Such a claim violates the requirements of section 1237.5 because it challenges the trial court's authority to sentence defendant in accordance with the terms of the plea. (*Zuniga*, at p. 1186; *People v. Jones* (1995) 33 Cal.App.4th 1087, 1093-1095; *People v. Shelton*, *supra*, 37 Cal.4th at p. 766;

*Panizzon, supra*, 13 Cal.4th at pp. 78-79; *People v. Cuevas* (2008) 44 Cal.4th 374, 384.) As such, defendant's claim substantively attacks the validity of the plea, which requires defendant to obtain a certificate of probable cause. (*Panizzon*, at pp. 78-79.) Because defendant did not obtain a certificate of probable cause, his appeal is not cognizable. (*Id.* at p. 79.)

DISPOSITION

The appeal is dismissed.


_____

HULL, Acting P. J.


We concur:


_____

ROBIE, J.


_____

MAURO, J.

5