Filed 12/17/25  P. v. Bohannan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C101657 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20F-0483, 21F-5936, 22F-1388, 22F-1394, 23F-0824, 23F-2657) |
| v. | |
| KELLY LEE BOHANNAN, | |
| Defendant and Appellant. | |

Defendant Kelly Lee Bohannan entered into a global plea agreement to resolve multiple cases related to the possession, sale, and transportation of controlled substances. As part of this plea, Bohannan agreed to admit two on-bail allegations pursuant to Penal Code section 12022.1, subdivision (b).[1]  On appeal, Bohannan contends that the trial court erred when it imposed one of the on-bail enhancements without first obtaining his admission to the allegation during the plea hearing.  We conclude that this appeal is a challenge to the validity of the plea requiring a certificate of probable cause pursuant to section 1237.5.  Bohannan having failed to obtain one, we dismiss the appeal.

---

[1]    Undesignated statutory references are to the Penal Code.

## LEGAL AND FACTUAL BACKGROUND

The facts underlying Bohannan's conviction are not relevant to the resolution of this case and therefore will be omitted from the discussion. Suffice it to say, this case centers around a global plea agreement that resolved 13 different cases.

To resolve his pending cases, Bohannan agreed to plead no contest to various controlled substance related charges in six cases in exchange for the dismissal of other charges and the remaining seven cases. As relevant for our purposes, the plea agreement also required Bohannan to admit two on-bail enhancements pursuant to section 12022.1, subdivision (b). The plea agreement also included a *Cruz*[2] waiver whereby if he abided by the terms of his release pending sentencing, Bohannan would receive a term of 20 years in state prison. If he violated the terms of the agreement, Bohannan would receive an aggregate term of 36 years in state prison.

Prior to entry of his pleas, Bohannan completed a felony plea form for each case that included the terms of the plea agreement. On the plea form for case No. 22F1388, Bohannan indicated with his initials that he was pleading no contest to two different counts under the Health and Safety Code and that he was admitting to the on-bail enhancement pursuant to Penal Code section 12022.1, subdivision (b), which, per the charging document, pertained to case No. 20F0939.[3] However, during the plea colloquy for this case, the trial court obtained Bohannan's oral plea of no contest to the substantive charges but there was no mention of the allegation he was out on bail in case

---

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

[3] Although the form referenced case No. 20F939, the full case number is case No. 20F0939 and we will reference it as such.

2

No. 20F0939 and the trial court thus failed to take an oral admission to the Penal Code section 12022.1, subdivision (b) allegation.[4]

On August 24, 2023, while awaiting his sentencing hearing, Bohannan was found by law enforcement to be in possession of methamphetamine and fentanyl.

On October 6, 2023, Bohannan filed a motion to withdraw his plea on the basis that he was under the influence of a controlled substance at the time he entered his plea and was unable to make reasoned, informed decisions. The trial court subsequently denied the motion.

The trial court held a hearing on May 2, 2024, and determined that Bohannan had violated the terms of his *Cruz* waiver. The court then sentenced Bohanan to the aggregate term of 36 years in prison, which included application of the two on-bail enhancements pursuant to section 12022.1, subdivision (b), as applied to cases Nos. 22F1388 and 22F1394, respectively. Neither party made any objections or comments during the plea hearing or during sentencing.

We granted Bohannan's request to file a notice of appeal under the constructive filing doctrine; he did not secure a certificate of probable cause.

## DISCUSSION

### A. Appealability and the Parties' Positions

On appeal, Bohannan argues that in case No. 22F1388, the trial judge erred in failing to obtain his oral admission to the on-bail allegation; therefore, the two-year enhancement under section 12022.1, subdivision (b) must be stricken or the matter remanded to the trial court for further proceedings. The People initially agreed the two-year enhancement in case No. 22F1388 may not be imposed without first obtaining

---

[4]    Pursuant to the plea, Bohannan was also convicted of felony offenses in cases Nos. 20F0483, 21F5936, 22F1394, 23F0824 and 23F2657. He does not challenge those convictions on appeal.

3

Bohannan's admission. The People, however, requested a limited remand to the trial court to obtain the admission and re-impose the two-year enhancement.

In addition to the requirement to properly file a notice of appeal, section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (§ 1237.5; see also *In re Chavez* (2003) 30 Cal.4th 643, 650-651.) Thus, if a defendant seeks to appeal a judgment or conviction on issues that go to the legality of the proceedings, he or she cannot do so without a certificate of probable cause. (*Chavez*, at p. 646.) This rule allows the trial court to screen cases for frivolous issues prior to appeal. (*People v. Hodges* (2009) 174 Cal.App.4th 1096, 1110.) In contrast, the California Supreme Court has "held that two types of issues may be raised on appeal following a guilty or nolo plea without the need for a certificate: issues relating to the validity of a search and seizure, for which an appeal is provided under section 1538.5, subdivision (m), and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Buttram* (2003) 30 Cal.4th 773, 780.)

In their original briefing, the parties did not address whether a certificate of probable cause was necessary to challenge the imposition of a two-year enhancement that was part of the negotiated plea. After this case was fully briefed, we directed the parties to submit simultaneous supplemental letter briefs on the following issues: (1) Is the issue raised on appeal a challenge to the validity of the plea? (2) Is the issue regarding the lack of oral admission for the on-bail enhancement in case No 22F1388 cognizable on appeal without a certificate of probable cause pursuant to section 1237.5? In his supplemental

4

briefing, Bohannan asserts that the issue before this court does not challenge the sufficiency of the plea and does not require a certificate of probable cause. Rather, he asserts that the two-year term imposed on the enhancement constitutes an illegal sentence because the trial court could not legally impose the agreed-upon sentence without an oral admission to the on-bail allegation. (See *People v. Hernandez* (1988) 46 Cal.3d 194, 197; § 1170.1, subd. (e) ["All enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact"]; see also *People v. Bryant* (1992) 10 Cal.App.4th 1584, 1594 ["If the allegation is not pleaded or proven, sentence cannot be imposed thereon"].)

In his supplemental letter brief, Bohannan identifies the error in this case as the trial court's imposition of an agreed-upon sentence, which included a term in prison on the on-bail enhancement in case No. 22F1388 when the trial court had not taken an oral admission from Bohannan as to that enhancement. This, Bohannan contends, amounts to an unlawful sentence that is not subject to the requirements of the certificate of probable cause and can be corrected at any time. Bohannan offers that the appropriate remedy is to remand the matter to the trial court to take his admission as to the on-bail allegation.

The People now claim that Bohannan's challenge to his sentence is a challenge to the validity of his plea, and in order to raise this issue on appeal, he was required to have obtained a certificate of probable cause, which he has failed to do. To support their argument, they cite *People v. Panizzon* (1996) 13 Cal.4th 68, 76, 79; *People v. Sem* (2014) 229 Cal.App.4th 1176, 1187; and *In re Chavez, supra*, 30 Cal.4th at page 650, footnote 3. Thus, the People argue, the appeal should be dismissed.

B.      Analysis

When determining whether section 1237.5 applies, courts look to the substance of the appeal: " '[T]he crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made' " and whether the challenge to the sentence "is *in*

*substance* a challenge to the validity of the plea," thus making it subject to section 1237.5. (*People v. Panizzon, supra*, 13 Cal.4th at p. 76.)

Although couched as a challenge to the sentence that was imposed, Bohannan's appeal is really a challenge to what occurred at the plea hearing. He argues that the trial court neglected to take an oral admission of his plea on an on-bail enhancement but sentenced him on the enhancement nonetheless. This, Bohannan argues, constitutes an unlawful sentence, which he contends is the focus of his appeal. The reality, however, is that Bohannan can't get to the unlawful sentence argument without challenging the validity of the plea.

We find *Panizzon* helpful. Panizzon entered a no contest plea on numerous felony charges in a plea bargain that specifically provided for the imposition of a specific prison sentence. (*People v. Panizzon, supra*, 13 Cal.4th at p. 72.) Panizzon appealed and claimed his sentence was disproportionate and cruel and unusual punishment. (*Id*. at p. 74.) The People requested dismissal of the appeal on "two grounds: (1) defendant had failed to obtain a certificate of probable cause as required under Penal Code section 1237.5 and rule 31(d) of the California Rules of Court; and (2) defendant had waived the right to appeal his sentence as part of the plea bargain." (*Id*. at p. 73.) The appellate court rejected the appeal on its merits but declined to dismiss. The California Supreme Court found that the appellate court erred in denying the People's request for dismissal because Panizzon's challenge was to the sentence to which he agreed as part of his plea. (*Ibid*.) Because the challenge attacked an integral part of the plea, it was in substance a challenge to the validity of his plea agreement and required a certificate of probable cause under section 1237.5 and California Rules of Court, rule 31(d). (*Panizzon*, at p. 73.) So too here. Bohannan's challenge to the sentence is in substance a challenge to the validity of the plea, or more appropriately, the lack of plea.

We also find *People v. Jones* (1995) 33 Cal.App.4th 1087 instructive. In that case, Jones entered no contest pleas to first degree burglary, possession of stolen property,

6

being under the influence of a controlled substance, and resisting arrest.  The sentence was later modified by the court with the imposition of the possession of stolen property sentence stayed upon the completion of the sentence for the first degree burglary.  (*Id*. at pp. 1088-1089.)  On appeal, Jones claimed that she could not be lawfully "convicted both for burglary and for receiving the property stolen during the burglary."  (*Id*. at p. 1089.)  According to Jones, both crimes may be charged, but the trier of fact must determine whether they are " ' "guilty as a thief or as a non-thief of concealing and withholding." ' "  (*Id*. at p. 1091.)  Therefore, a conviction of both crimes is unlawful, and staying the sentence is not the appropriate remedy.  (*Ibid*.)  The People argued that Jones's failure to obtain and "file a certificate of probable cause, pursuant to Penal Code section 1237.5" precluded review of the judgment.  (*Id*. at p. 1089.)  The appellate court agreed with the People and dismissed the appeal.  (*Ibid*.)  In reaching their decision, the court rejected the argument that an illegal term creates an unlawful sentence that can be corrected at any time without regard to the necessity of a certificate of probable cause pursuant to section 1237.5.  (*Jones*, at p. 1093.)  The court stated that Jones was not "challenging the sentence, as modified, but rather is claiming that the conviction itself must be reversed or vacated because it is unlawful."  (*Id*. at p. 1092.)  "Claims regarding the illegality of the judgment, whether on jurisdictional or other grounds, are precisely the types of claims which are covered by Penal Code section 1237.5 and require a certificate of probable cause."  (*Ibid*.)  We find that to be true in this case as well.

A defendant cannot rely on an unauthorized-sentence claim to "sidestep the additional hurdle of section 1237.5, which is triggered by entry of a guilty or no contest plea."  (*People v. Zuniga* (2014) 225 Cal.App.4th 1178, 1186.)  Bohannan's appeal of his sentence challenges errors made during the course of his plea and " 'is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause."  (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [§ 1237.5 and Cal. Rules of Court, rule 31(d) should be applied in

a strict manner and § 1237.5 "lays down a 'condition precedent' to the taking of an appeal within in its scope"].)  Accordingly, we will dismiss the appeal.

DISPOSITION

The appeal is dismissed.

/s/
_____
EARL, P. J.

We concur:

/s/
_____
MAURO, J.


/s/
_____
DUARTE, J.

8